THE FRENCH BROTHERS-BAUER CO. *v.* ANDREADIS.

(Decided June 25, 1928.)

*Messrs. Mallon & Vordenberg* and *Mr. Harry E. Marble,* for plaintiff in error.

*Mr. John W. Driskill* and *Mr. Anthony P. Conlon,* for defendant in error.

HAMILTON, P. J. This is a personal injury case originating in the municipal court of Cincinnati. The case was tried to the court and resulted in a verdict for the plaintiff, Savas C. Andreadis, in the sum of $242.12. The French Brothers-Bauer Company, defendant in the municipal court, prosecuted error to the court of common pleas, which court affirmed the judgment of the municipal court, and the company prosecuted error to this court, seeking a reversal of both the common pleas and the municipal courts.

It appears that the defendant in error, plaintiff in the municipal court, on February 13, 1927, about 5:30 a. m., started to cross Central avenue in the city of Cincinnati, from west to east, between Court and Richmond streets. Court street does not cross

Central avenue directly, but emerges a considerable distance from where it enters. The plaintiff started to cross Central avenue and was about halfway across when he noticed the headlights of a truck, swinging from Court street to the left toward him. He did not think he would have time to cross ahead of the truck, and, as it approached, he stepped back a step waiting for it to pass. While so located, another truck of the company came rapidly past the first truck mentioned, passing it on the right, striking the plaintiff, causing the injuries complained of.

The passing of the truck on the right was in violation of the city ordinances.

These are the salient facts upon which the trial court rendered judgment for the plaintiff. The trial court, in passing on the question, stated in his memorandum that he was applying the doctrine of last clear chance, and that under that doctrine the driver of the truck of the French Brothers-Bauer Company, in the exercise of ordinary care, saw, or should have seen, that Andreadis was in a perilous position, and that, in the exercise of due care, he should have avoided striking him.

The brief for the plaintiff in error here attacks the rule of the doctrine of last clear chance as pronounced by the trial court. This would be proper were the question of last clear chance in the case. We are, however, of the opinion that the question of last clear chance was not in the case. The record discloses only a question of negligence on the part of the defendant company's driver in striking Andreadis as he did. To apply the last chance doctrine would be to hold that whenever a person starts to cross a street he is placing himself in a perilous posi-

tion, notwithstanding he has equal rights in the streets with motor vehicles.

The judgment was justified under the evidence, and the fact that the court may have given a wrong reason for the judgment will not require a reversal.

We find no prejudicial error in the record and the judgment will be affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.